1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF WASHINGTON

7   GRETCHEN MARIE WRIGHT,

8                            Plaintiff,          NO: 12-CV-0588-TOR

9          v.                                    ORDER GRANTING DEFENDANT'S
                                                 MOTION FOR SUMMARY
10  CAROLYN W. COLVIN, Acting                    JUDGMENT
    Commissioner of Social Security
11  Administration,

12                          Defendant.

13

14        BEFORE THE COURT are the parties' cross motions for summary

15  judgment (ECF Nos. 13 and 14).  Plaintiff is represented by Lora Lee Stover.

16  Defendant is represented by Franco L. Becia.  This matter was submitted for

17  consideration without oral argument.  The Court has reviewed the administrative

18  record and the parties' completed briefing and is fully informed.  For the reasons

19  discussed below, the Court grants Defendant's motion and denies Plaintiff's

20  motion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

1    court "may not reverse an ALJ's decision on account of an error that is harmless."

2    *Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's]

3    ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted).

4    The party appealing the ALJ's decision generally bears the burden of establishing

5    that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

6                    FIVE-STEP SEQUENTIAL EVALUATION PROCESS

7         A claimant must satisfy two conditions to be considered "disabled" within

8    the meaning of the Social Security Act.  First, the claimant must be "unable to

9    engage in any substantial gainful activity by reason of any medically determinable

10   physical or mental impairment which can be expected to result in death or which

11   has lasted or can be expected to last for a continuous period of not less than twelve

12   months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be

13   "of such severity that he is not only unable to do his previous work[,] but cannot,

14   considering his age, education, and work experience, engage in any other kind of

15   substantial gainful work which exists in the national economy." 42 U.S.C. §

16   1382c(a)(3)(B).

17        The Commissioner has established a five-step sequential analysis to

18   determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§

19   404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v).  At step one, the Commissioner

20   considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i);

1   416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

2   Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

3   404.1520(b); 416.920(b).

4        If the claimant is not engaged in substantial gainful activities, the analysis

5   proceeds to step two.  At this step, the Commissioner considers the severity of the

6   claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the

7   claimant suffers from "any impairment or combination of impairments which

8   significantly limits [his or her] physical or mental ability to do basic work

9   activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c);

10  416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

11  however, the Commissioner must find that the claimant is not disabled.  *Id.*

12       At step three, the Commissioner compares the claimant's impairment to

13  several impairments recognized by the Commissioner to be so severe as to

14  preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§

15  404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more

16  severe than one of the enumerated impairments, the Commissioner must find the

17  claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

18       If the severity of the claimant's impairment does meet or exceed the severity

19  of the enumerated impairments, the Commissioner must pause to assess the

20  claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f); 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

ALJ'S FINDINGS

Plaintiff filed applications for disability insurance benefits and supplemental security income disability benefits in September 2009. Tr. 209-17, 218-24. These applications were denied initially and upon reconsideration and a hearing was requested. Tr. 114-17, 121-25, 126-27. Two hearings were held before an Administrative Law Judge ("ALJ"); one on January 25, 2011 and another on April 21, 2011. Tr. 48-77, 78-108. The ALJ rendered a decision denying Plaintiff benefits on May 19, 2011. Tr. 19-41.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 1, 2009, the alleged onset date. Tr. 24. At step two, the ALJ found that Plaintiff had severe impairments, but, at step three, the ALJ found that Plaintiff's impairments did not meet or medically equal a listed impairment. Tr. 25–28. The ALJ determined Plaintiff had the residual functional capacity to:

> perform a wide range of medium work. The claimant would be able to
> perform work that accommodates moderate limitations in the ability

to respond appropriately to changes in the work setting and that does
not involve lifting or carrying more than 25 pounds frequently or
more than 10 pounds occasionally; any exposure to unprotected
heights, including ladders, ropes, or scaffolds or dangerous, moving
machinery; more than simple, routine, and repetitive tasks; or more
than occasional contact with coworkers or the public.

Tr. 28.  At step four, the ALJ found that Plaintiff was unable to perform her past

relevant work as a cashier.  Tr. 33.  At step five, the ALJ concluded that there were

a significant number of jobs existing in the national economy which Plaintiff could

perform in view of her residual functional capacity and denied her claims on that

basis.  Tr. 34.

   The Appeals Council denied Plaintiff's request for review on September 14,

2012, making the ALJ's decision the Commissioner's final decision for purposes

of judicial review.  Tr. 1-7 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

ISSUES

   Plaintiff purports to raise three issues for review:

   1. The ALJ erred in assessing the Plaintiff's residual functional capacities;

   2. The ALJ erred in finding Plaintiff to be employable; and

   3. Plaintiff contends that the evidence taken from the record as a whole does

      not support the Defendant's decision that Plaintiff is not disabled.

ECF No. 13 at 10.  While Plaintiff lists these three issues in her brief, only one

narrative argument is made under the caption "ARGUMENT."  *Id*. at 12-14.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

1 Accordingly, the Court will address only those issues actually argued in Plaintiff's

2 narrative, *id*., in the order so presented.

3                                    DISCUSSION

4 **A. Whether the ALJ's RFC Finding Properly Included all of Plaintiff's**

5      **Mental Limitations**

6       Plaintiff asserts that her "[s]ubjective episodes of transient alteration of

7 awareness" are much more limiting to her than the ALJ found in Finding of Fact

8 Number Five.[1]  ECF No. 13 at 12.  Plaintiff also contends that the limitations given

9 by Medical Expert Marian Martin, Ph.D. should have been incorporated into the

10 residual functional capacity assessment.  *Id*.

11       At to the first claim, the ALJ expressly accepted Plaintiff's episodes of

12 inattentiveness in formulating the RFC assessment, "[t]he undersigned has

13 accepted this limitation and concluded that the claimant should not perform work

14 that involves exposure to workplace hazards, including unprotected heights or

15 dangerous, moving machinery."  Tr. 32.  This was not erroneous.

16 ///

17 _____

18 [1]  Finding of Fact Number Five relates to prior work, not residual functional

19 capacity limitations.  The Court assumes Plaintiff means Finding of Fact

20 Four relating to Plaintiff's residual functional capacity.

As to Plaintiff's second contention, a comparison of Dr. Martin's "Mental Medical Source Statement" and the ALJ's residual functional capacity assessment shows the ALJ incorporated the doctor's assessed limitations within his residual functional capacity assessment.  Compare Tr. 28 with Tr. 791-794; Tr. 32 ("The limitations assessed by Dr. Martin have been used in compiling the claimant's mental residual functional capacity.")

Specifically, Dr. Martin assessed Plaintiff with "no significant limitation" to a "moderate limitation" in her ability to understand and remember detailed instructions and in her ability to carry out detailed instructions.  Tr. 791-92.  Based on the check-the-box assessment and the written functional assessment (Tr. 793), the ALJ accounted for the limitations in carrying out detailed instructions by limiting Plaintiff to no more than "simple, routine, and repetitive tasks." Tr. 28, 793.

Dr. Martin also found Plaintiff would have "moderate limitations" in her "ability to work in coordination with or proximity to others without being distracted by them" and "no significant limitation" to a "moderate limitation" in her ability to "interact appropriately with the general public."  Tr. 792-793.  The ALJ accounted for this limitation by limiting Plaintiff no more that "occasional contact with coworkers or the public."  Tr. 28.

1    Finally, Dr. Martin noted Plaintiff would have a "moderate limitation" in her

2    "ability to respond appropriately to changes in the work setting" and in her ability

3    to "maintain attention and concentration for extended periods." Tr. 792-793.

4    Accordingly, the ALJ limited Plaintiff to no more than "simple, routine, and

5    repetitive tasks." Tr. 28.

6    The ALJ's findings are supported by substantial evidence in the record, thus,

7    no error has been shown.

8    **B. Application of the Medical-Vocational Guidelines Rather Than**

9    **Using the Services of a Vocational Expert**

10    Plaintiff contends that her mental limitations were such that testimony from

11    a vocational expert was necessary to determine what work, if any, was available to

12    the Plaintiff on a substantial gainful basis. ECF No. 13 at 13-14.

13    The ALJ concluded that Plaintiff's capacity for unskilled work was

14    substantially intact and had not been significantly compromised by any non-

15    exertional limitations. Tr. 28, 33-34. Because Plaintiff was capable of performing

16    a wide range of medium work, almost the entire range of unskilled work was

17    available to Plaintiff and a vocational expert was unnecessary. *Hoopai v. Astrue*,

18    499 F.3d 1071, 1075-1076 (9th Cir. 2007) ("a vocational expert is required only

19    when there are significant and 'sufficiently severe' non-exertional limitations not

20    accounted for in the grid."). As *Hoopai* fully explained, "[t]he step two and step

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

1    five determinations require different levels of severity of limitations such that the

2    satisfaction of the requirements at step two does not automatically lead to the

3    conclusion that the claimant has satisfied the requirements at step five." *Id*. at

4    1076.

5        Based upon the Plaintiff's residual functional capacity, as found by the ALJ

6    from substantial evidence in the record, the services of a vocational expert were

7    unnecessary.

8        Because Plaintiff's arguments have not been raised with any more

9    particularity, the Court will decline to address anything further. *See Carmickle v.*

10   *Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (declining to

11   reach issue where appellant "failed to argue [the] issue with any specificity in his

12   briefing"); *Rogal v. Astrue*, 2012 WL 7141260 at *3 (W.D. Wash. 2012)

13   (unpublished) ("It is not enough merely to present an argument in the skimpiest

14   way, and leave the Court to do counsel's work—framing the argument and putting

15   flesh on its bones through a discussion of the applicable law and facts.") (citations

16   omitted).

17   ///

18   ///

19   ///

20   ///

**IT IS HEREBY ORDERED:**

1.  Defendant's Motion for Summary Judgment, ECF No. 14, is
    **GRANTED**.

2.  Plaintiff's Motion for Summary Judgment, ECF No. 13, is **DENIED**.

The District Court Executive is hereby directed to file this Order, enter

Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** June 27, 2013.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12